[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both actions involve the taking by the City of Bridgeport, Water Pollution Control Authority of an easement covering 6,702 square feet of a parcel of land owned by the plaintiff between Admiral Street and South Avenue known as 944 South Avenue.
On January 31, 1994, the defendant City of Bridgeport filed a Statement of Compensation assessing damages at $24,000. The easement in question is for a sewer and runs through the center of this piece of property from Admiral Street to South Avenue with a width of twenty feet. Because of the nature of the easement, the city would also have the right to enter the property for purposes of inspection and repair as the need arose.
The lot in question, which is 14,080 square feet, is presently being used for storage and parking with the easement in place. The easement encompasses 6,702 square feet or almost fifty percent of the entire lot.
It appears to be undisputed that this is a building lot and that with the easement on it no structure can be erected. In fact, the use to which it is being presently put is probably the only use available to it.
Both parties presented appraisers who agreed on one thing; CT Page 10597 that is, that the square foot value was either $9.00 or $10.00 a foot or a mean value of $10.30 a square foot. Multiplying the price per square foot times the square feet encompassed by the easement equals $69,030.60.
A view of the premises by the court reflected a long narrow lot with entrances on two sides, one from Admiral Street and the other from South Avenue, and with a frontage on Cedar Creek, a creek being used now by at least one adjacent owner, Santa Fuel, for transporting oil through barges.
While the use of this parcel of land for a marina seems somewhat remote, it is clear that no building can be erected on this land while the easement is in place. Consequently, the most productive and best use of the land is being frustrated by the presence of the easement.
Under those circumstances, it seems to the court that the minimum price the city should pay for the taking of the easement is the $68,358, which seems to the court to represent the loss in value of the property.
In the matter of docket no. CV94 031 41 00 S, Baum Limited Partnership, et al v. City of Bridgeport, Water Pollution Control Authority, the court finds the issues in favor of the plaintiff in the amount of $68,358 less the $24,000 already paid by the defendant City of Bridgeport plus interest on the unpaid balance at the rate of ten (10%) percent per year from January 31, 1994 through the date of this judgment plus costs of suit including the appraiser's fee of $2500.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE